UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROBERT KIERSTEAD )<br>    Plaintiff(s) )<br> )<br>v. )<br> )<br>EXPERIAN INFORMATION SOLUTIONS INC )<br>    Defendant(s) ) | CIVIL NO.  2:11-cv-00170-JAW |

## AMENDED SCHEDULING ORDER

In accordance with Fed.R.Civ.P. 16(b) and the Cost and Delay Reduction Plan for the District of Maine and further to the conference of counsel held on June 2, 2011, Docket No. 35, the Court hereby enters this Order as the Scheduling Order in this case.  Counsel for the parties have conferred as required by Fed.R.Civ.P. 26(f).  Docket No. 35 at 1-2.  This Order shall constitute the Court's Scheduling Order under Fed.R.Civ.P. 16(b).

Track Assignment:   This case has been assigned to the Standard Track.  Discovery is limited to not more than 30 interrogatories per opposing side (subparts not permitted); 30 requests for admission per opposing side; 2 sets of requests for production per opposing side; and 8 depositions per side.

Subject Matter Jurisdiction:  Federal Question

Jury Trial:  Jury Trial Demanded

<u>Deadline for Conference of Parties Pursuant to Fed.R.Civ.P.26(f):</u> Counsel for the parties have conferred pursuant to Fed.R.Civ.P. 26(f). *Id.* Inadvertent disclosure of privileged or trial preparation material shall be governed by the principles of Federal Rule of Evidence 502, effective September 22, 2008.

<u>Deadline for Initial Disclosure Pursuant to Fed.R.Civ.P.26(a)(1):</u>  Counsel for the parties have exchanged initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1). Docket No. 35 at 2.

<u>Deadline for Amendment of the Pleadings and Joinder of Parties:</u>  June 16, 2011

<u>Plaintiff(s) shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefore by</u>:  August 19, 2011

<u>Defendant(s) shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefore by</u>:  September 23, 2011

If the expert is retained or specially employed to provide expert testimony in the case or the expert's duties as an employee of a party regularly involve giving expert testimony, the disclosure shall also include the other categories of information specified in Fed.R.Civ.P. 26(a)(2)(B). All required information may, but need not, be provided in the form of a written report prepared and signed by the expert.

<u>Deadline to Complete Discovery:</u>  October 28, 2011

<u>Deadline to Identify and Produce Local Rule 44 Records</u>:  October 28, 2011

Counsel are advised that absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline.

<u>Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions</u>[1] <u>Challenging Expert Witnesses with Supporting Memoranda:</u>  November 18, 2011

<u>Expected Trial Date:</u>  This case shall be ready for trial by March 5, 2012**.**

<u>Further Matters in Aid of Disposition:</u>  The plaintiff(s) shall make a written settlement demand upon the defendant(s) by October 7, 2011.  The defendant(s) shall respond in writing by October 21, 2011.

So <u>ORDERED</u>.

/s/John H. Rich III
U.S. Magistrate Judge

Dated this 6th day of June, 2011.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  Such motions shall include any challenges to lack of qualifications, scope of testimony and any other issues addressed by these decisions.

3

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

Pursuant to the provisions of Title 28 United States Code, Section 636(c)(1), Magistrate Judge John H. Rich III has been designated with the authority to conduct all proceedings in jury and non-jury civil cases. It is the practice of Magistrate Judge John H. Rich III to endeavor to specifically assign for trial the consent cases, whereas cases assigned to be tried before a district judge will ordinarily be placed on a trailing trial list.

If it is the intention of all counsel that this case be tried before Magistrate Judge John H. Rich III, counsel must sign and file a Consent to Proceed form which is located in the Forms section of the Court's web page (www.med.uscourts.gov). The Consent form is to be filed only if it is executed by all counsel.

The trial of any Bangor case will be conducted by Magistrate Judge John H. Rich III in Bangor; the trial of any Portland case will be conducted by Magistrate Judge John H. Rich III in Portland.